■ In the Matter of the Claim of EDWIN E. PIXLEY, Respondent, v. UNIVERSITY OF ROCHESTER, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the Special Fund for Reopened Cases (Workmen's Compensation Law, § 25-a) from a decision of the Workmen's Compensation Board which charged the Fund with liability for medical expenses from May 24, 1948. Claimant, Edwin E. Pixley, injured his back while at work on August 30, 1940. The injury was diagnosed as a ruptured lumbar intervertebral disc which necessitated surgery and lipiodol studies. The compensation case was closed on April 6, 1944, on a lump sum settlement award. Claimant moved to California and on April 17, 1948, made an application for reopening of the claim. A supporting medical report was submitted and on May 24, 1948, in answer to an application filed May 17, 1948, the chairman granted claimant conditional authority "to obtain such medical care, which you believe is necessitated as a result of the accident sustained on August 30, 1940." Subsequently, due to claimant's inability to travel or finance a trip from California, the case was again closed on December 11, 1950. Claimant made another application for reopening on March 22, 1957. Thereafter, lay and medical testimony was taken. Claimant testified as to the continuous medical treatment he received, his deteriorating physical condition and his medical expenses since 1947. Initially, the case was closed, but the board reversed and further testimony was taken. The Referee then found a 50% disability based upon a causally related arachnoiditis

from the lipiodol studies and an ununited fusion condition. An award against the Special Fund was made for various periods of disability commencing April 1, 1946, two years prior to the first application for reopening. The board modified so as to rescind awards before February 15, 1956, inasmuch as the case had been closed in 1950 and the award of compensation could only include the two-year period immediately preceding the reopening (Workmen's Compensation Law, § 25-a, subd. 1). At a continuance, claimant's attorney presented proof of medical payments since March, 1955, and requested payment of all medical expenses incurred since 1948. This was objected to by the appellant, Special Fund. The Referee ruled that liability existed only from the date of the award of compensation, June 30, 1961. Whereupon, claimant's attorney made another application for authorization of further treatment and expenses from the chairman and asked for a review of the Referee's decision. The authorization was granted and upon review the board modified the decision of the Referee finding the Special Fund liable for reasonable medical expenses commencing on May 24, 1948, because conditional authorization had been given on that date and had not been rescinded. The appellant maintains that the medical expenses incurred before the chairman's authorization in March, 1962, cannot be charged against the Special Fund in view of subdivision 2 of section 25-a and subdivision (b) of section 13 of the Workmen's Compensation Law. The pertinent parts of said sections read as follows: "2. * * * Claims for further services or treatment rendered or supplies furnished as required by section thirteen hereof shall be paid from such fund when such service, treatment or supplies shall be authorized by the chairman." (Workmen's Compensation Law, § 25-a, subd. 2.) " (b) In the case of persons, injured outside of this state, but entitled to compensation or benefits under this chapter, the provisions as to selection of authorized physicians shall be inapplicable. In such cases the employer shall promptly provide all necessary medical treatment and care but if the employer fail to provide the same, after request by the injured employee such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so ". (Workmen's Compensation Law, § 13, subd. [b].) We do not believe that the quoted sections negate the board's determination. Section 13 refers to persons injured outside the State and requires that the employee first request treatment from the employer. The only connection between these sections is that once compensable diability is established a claimant is entitled to medical expenses. Here we are dealing with the Special Fund which is controlled by section 25-a of the Workmen's Compensation Law. In the quoted part of said section the requisites for further medical services necessitate authorization of the chairman before payment can be had, if and when compensation is awarded. While subdivision 1 of section 25-a limits any award of compensation in its retroactive effect to the two years immediately preceding the date of the application for reopening, there is no such provision in regard to authorized medical expenses (see *Matter of Youngelman* v. *City of New York*, 10 A D 2d 173, 175, app. dsmd. 9 N Y 2d 905). Therefore, the real question here is whether or not the expenses incurred were authorized. The board has found that they were authorized on May 24, 1948, and that said authorization was never rescinded. We believe that upon the record presented the board's decision is correct. The authorization was granted in response to a specific request for such authority. The subsequent closing of the reopened case was predicated upon claimant's inability to physically appear and not because of the lack of merit of his claim. The application by claimant's

attorney for further authorization in 1962 was apparently a precautionary measure as it appears from the record that even at that time reliance was still placed upon the original authorization. These expenses were subsequently substantiated and found to be causally related. Consequently, the requirements of section 25-a were complied with by the claimant. Appellant also argues that it is liable only for the two years prior to the reopening. This is untenable as previously indicated in view of the settled law that medical payments are not compensation under these circumstances. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.